USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/20/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

PIEDAD GARZON,  :

        Plaintiff,  :  11 Civ. 5781 (PKC) (AJP)

    -against-  :  **REPORT AND RECOMMENDATION**

JOFAZ TRANSPORTATION, INC.,  :

        Defendant.  :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable P. Kevin Castel, United States District Judge:**

        This case should be transferred to the United States District Court for the Eastern District of New York ("EDNY").

        The pro se complaint asserts a Title VII claim. (Dkt. No. 2: Compl.) The complaint also discloses that plaintiff lives in Queens and worked for defendant Jofaz Transportation in Brooklyn. (Compl. ¶ I(A)-(C).) Both Queens and Brooklyn are in the EDNY. There are no allegations in the complaint of any unlawful employment practices occurring in this District.

        In response to this Court's September 12, 2011 Order (Dkt. No. 9) directing plaintiff to show cause why the case should not be transferred to the EDNY, plaintiff states that: "After two years I am not satisfied with the proceed of them and they gave me the right change to elect one of four federal districts." (Garzon 9/19/11 Letter to the Court.) Any dissatisfaction over the past two years must refer to the EEOC or the State Division of Human Rights, not the EDNY court.

H:\OPIN\

Moreover, the EEOC form that Garzon attached specifically stated that: "The appropriate court is the district court which covers either the county where the respondent is located or the county where the alleged act of discrimination occurred." As noted, in this case that is in the EDNY. (Because it is a generic form, it lists all four of the federal district courts in New York State, which is probably what confused plaintiff Garzon.)

Accordingly, the case should be transferred to the United States District Court for the Eastern District of New York.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Castel (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

3

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: New York, New York
September 20, 2011

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to: Piedad Garzon (Regular & Certified Mail)
Judge P. Kevin Castel

H:\OPIN\