UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PIEDAD GARZON,

        Plaintiff,

- against -

JOFAZ TRANSPORTATION, INC.,

        Defendant.
-------------------------------------------------------------X

**MEMORANDUM & ORDER**
11-CV-5599 (RRM) (VVP)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Piedad Garzon, proceeding *pro se* and *in forma pauperis*, commenced this action in the United States District Court for the Southern District of New York on August 2, 2011. (Doc. No. 2.) The complaint alleged discrimination in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.* (*Id.*) By an Order dated November 10, 2011, the action was transferred to this Court. (Doc. No. 12.) On April 30, 2012, defendant requested a pre-motion conference regarding two motions it wished to file pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(f). (Doc. No. 18.) By an Order dated October 24, 2012, this Court dispensed with the pre-motion conference and directed the parties to file their motion papers. On January 28, 2013, defendant filed a copy of this fully briefed motion to dismiss. (Doc. No. 25.) For the reasons that follow, defendant's motion is GRANTED in part and DENIED in part.

## STANDARD OF REVIEW

    When deciding a motion to dismiss, the Court's review is "limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint

by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). In order to withstand a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage the Court takes all factual allegations in the complaint as true and draws all reasonable inferences in favor of the non-movant. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). A complaint need not contain "'detailed factual allegations,'" but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Although a *pro se* plaintiff must satisfy pleading requirements, the Court is "obligated to construe a *pro se* complaint liberally." *See Harris*, 572 F.3d at 71-72 (citations omitted). In other words, the Court holds *pro se* pleadings to a less exacting standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008) (citation omitted). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F.Supp. 257, 259 (E.D.N.Y. 1995). When a *pro se* plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *See Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

DISCUSSION

Pursuant to Rule 12(b)(6), defendant has moved to dismiss the complaint on the ground that plaintiff has failed to state a claim for race or gender discrimination. (Doc. No. 25.) First, however, the Court considers defendant's request pursuant to Rule 12(f) to strike certain newspaper articles appended to the complaint. (Def.'s Mem. of Law in Supp. (Doc. No. 26) at 7-8.)

I.  **Motion to Strike**

Plaintiff attached to her complaint newspaper articles describing investigations of corruption involving several bus companies, including defendant. (*See* Doc. No. 2 at 17-18.) Defendant seeks to strike this material as prejudicial and irrelevant. (*See* Def.'s Mem. of Law in Supp. (Doc. No. 26) at 7-8.) Rule 12(f) allows a court to "order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). "Motions to strike 'are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.'" *Crespo v. New York City Transit Auth.,* No. 01-CV-0671, 2002 WL 398805, at *11 (E.D.N.Y. Jan. 7, 2002) (quoting *Lennon v. Seaman,* 63 F.Supp.2d 428, 446 (S.D.N.Y. 1999)). A motion to strike matter as impertinent or immaterial "will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976); *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011). In order to succeed on a motion to strike, a movant must show "(1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Roe v. City of New York,* 151 F.Supp.2d 495, 510 (S.D.N.Y. 2001). Ultimately,

whether to grant a motion to strike is committed to the sound discretion of the district court. *See Chacko v. Dynair Services Inc.*, No. 96-CV-2220 (SJ), 1998 WL 199866, at *1 (E.D.N.Y. Mar. 15, 1998).

In light of the allegations in the complaint, the Court concludes that these articles "amount[] to nothing more than name calling" and do not contribute to plaintiff's substantive claims. *Global View Ltd. Venture Capital v. Great Cent. Basin Exploration, L.L.C.*, 288 F.Supp.2d 473, 481 (S.D.N.Y. 2003). First, it is highly unlikely that newspaper articles about an investigation into corruption would have any bearing on plaintiff's claims for discrimination under Title VII or the NYSHRL. The articles neither relate to any element of plaintiff's claims nor provide any circumstantial evidence from which permissible inferences could be drawn. Second, given the attenuated link between the subject of these articles and plaintiff's suit, the prejudicial quality of the articles stands in stark contrast to any probative value. Finally, the inclusion of the articles fosters the false inference that plaintiff's employer is unscrupulous and therefore more likely to have discriminated against plaintiff – an inference the rules of evidence strenuously seek to discourage. *See, e.g.*, Fed. R. Evid. 403, 404. The Court concludes that defendant's motion to strike the newspaper articles should be granted.

**II.   Motion to Dismiss**

Claims brought under Title VII are usually analyzed under the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under that analysis, a plaintiff must make out a *prima facie* case that demonstrates (1) she was within the protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. 802-04; *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir.

2011). The same analysis applies to claims brought under the NYSHRL. *See Song v. Ives Laboratories, Inc.*, 957 F.2d 1041, 1046 (2d Cir. 1992). However, *McDonnell Douglas* does not apply at the motion to dismiss stage. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."); *Lax v. 29 Woodmere Blvd. Owners, Inc.*, 812 F.Supp.2d 228, 236 (E.D.N.Y. 2011). Thus, the standard here is simply whether plaintiff's complaint satisfies federal pleading requirements.

The complaint in this case alleged discrimination in violation of the Title VII and the NYSHRL, claiming unlawful termination and unequal terms and conditions of employment. (Doc. No. 2.) Construing the complaint liberally, the Court interprets it as raising claims for (1) discriminatory treatment in the assignment of bus routes; (2) unlawful withholding of wages; (3) a hostile work environment; and (4) wrongful termination. The Court considers each of these claims individually.

**A. Discriminatory Treatment**

Although plaintiff identifies and describes numerous situations in which she was allegedly treated unfavorably or unfairly, little in the complaint or the attached documents allows the Court to conclude that this treatment was traceable to plaintiff's race, gender, or national origin.[1] While direct evidence of discrimination is not required and cases such as this often rest on the cumulative weight of circumstantial evidence, *see Norton v. Sam's Club*, 145 F.3d 114, 119 (2d Cir. 1998), "a jury cannot infer discrimination from thin air." *Lizardo v. Denny's, Inc.*,

---

[1] While defendant asserts that plaintiff claimed discrimination solely on the basis of race or gender (*see* Def.'s Mem. of Law in Supp. (Doc. No. 26) at 1), plaintiff never limited her claims in this manner. Plaintiff indicated only that she was alleging discrimination in violation of Title VII, which includes race, color, gender, religion, and national origin. (*See* Doc. No. 2 at 1.)

5

270 F.3d 94, 104 (2d Cir. 2001). Evidence of differential treatment alone is insufficient to establish discrimination. *See Grillo v. New York City Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002); *Lizardo*, 270 F.3d at 104.

A "complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a Court could find a violation . . . fails to state a claim under 12(b)(6)." *Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978). Because the majority of plaintiff's allegations do "little more than cite to [her] mistreatment and ask the court to conclude that it must have been related to [her] race [or gender]," *Lizardo*, 270 F.3d at 104, the allegations in the complaint do not plausibly give rise to a claim for discriminatory treatment. To the extent that plaintiff claims generally that she suffered discriminated during her employment, the allegations in the complaint are too vague or conclusory to support a claim for relief. *Cf. Patterson v. Newspaper & Mail Deliverers' Union of New York & Vicinity*, No. 73-CIV-3058 (WCC), 2005 WL 3750749, at *16 (S.D.N.Y. July 13, 2005) (stating that "[t]he mere fact that [plaintiff] believes white employees similarly situated . . . were given jobs more often is not a sufficient basis to infer discrimination").

There is, however, one exception. In her response to the New York State Division of Human Rights,[2] plaintiff alleged that an Italian American woman named "Sharon" was hired after plaintiff and "given full time status and a permanent bus route." (Doc. No. 2 at 16.) In her opposition to defendant's motion, plaintiff asserts that this was contrary to plaintiff's "seniority." (Pl.'s Aff. in Opp. (Doc. No. 27) at 2.) "A clear statement from the plaintiff alleging discrimination by the defendant" is generally sufficient to satisfy the pleading standard at this stage. *Lax*, 812 F.Supp.2d at 237. Although actions contrary to seniority are not themselves

---

[2] This document was appended to the complaint and so can be considered by the court. *See Allen*, 945 F.2d at 44.

actionable as discrimination, taken together these allegations are sufficient to state a plausible claim for discriminatory treatment on the basis of race, color, or national origin. Consequently, plaintiff has adequately alleged a claim for discriminatory treatment with respect to the duties she was assigned.

### B. Unlawful Withholding of Wages

Plaintiff also alleges that defendant refused to pay plaintiff at the rate specified in her employment agreement for driving a large bus. (*See* Doc. No. 2 at 5, 16.) In support of this claim, plaintiff appended copies of her pay stubs reflecting what she alleges is an incorrect amount. (*See id*. at 6-7.) Properly pled, this is a claim for a breach of plaintiff's employment contract. In the absence of any competent allegations concerning the actual agreement, however, the Court is unable to conclude that plaintiff has "nudged [her] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Accordingly, this claim must be dismissed.

### C. Hostile Work Environment

Although plaintiff's complaint broadly asserts claims for discrimination, her claim regarding unequal work conditions is best interpreted as a hostile work environment claim. *Cf. Dingle v. Bimbo Bakeries*, No. 11-CV-2879 (CBA) (VVP), 2012 WL 2872161, at *3 (E.D.N.Y. July 12, 2012). "A hostile work environment claim requires a showing (1) that the harassment was 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello,* 294 F.3d 365, 373 (2d Cir. 2002) (quoting *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir. 1997)). The test incorporates both "objective and subjective elements," requiring that the misconduct shown was "severe or

7

pervasive enough to create an objectively hostile or abusive work environment" and that the plaintiff "subjectively" perceived that the environment was abusive. *Harris v. Forklist Sys., Inc.*, 510 U.S. 17, 21 (1993).

Liberally construed, plaintiff's complaint alleges that (1) she is female; (2) she was the only woman among several male co-workers; (3) the general office environment was "obscene"; (4) she alone was forced to remain in the office during the day; (5) she alone was required to "announce" when she needed to use the restroom; and (6) that she suffered emotional damages as a result. (*See* Doc. No. 2 at 3-5.) Several factors help to determine whether a work environment is objectively hostile, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris*, 510 U.S. at 23. However, "no single factor is required." *Id.* Mindful of the latitude afforded to *pro se* litigants and assuming the validity of plaintiff's allegations, the Court cannot say that plaintiff has failed to plead a plausible hostile work environment claim.

**D. Wrongful Termination**

Finally, plaintiff's complaint alleges unlawful termination of her employment. (Doc. No. 2 at 2.) The only facts alleged with respect to this claim, however, are that plaintiff's employer failed to provide her with a letter of termination and did not remove plaintiff from their system in a timely manner. (*See id.* at 5.) There are no allegations that plaintiff was terminated because of her race, gender, or national origin, nor are there any facts to suggest such discrimination. As such, plaintiff has failed to state a claim for unlawful termination.

**III.     Leave to Amend**

Rule 15(a) contemplates that courts will "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Where a cause of action is dismissed due to deficient pleading, leave to amend should generally be granted.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Petrone v. Hampton Bays Union Free Sch. Dist.*, No. 03-CV-4359 (SLT) (ARL), 2009 WL 2905778, at *15-16 (E.D.N.Y. Sept. 10, 2009).  This is especially true when a litigant proceeds *pro se*.  *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000); *Marcelin v. Cortes-Vazquez*, No. 09-CV-4303 (RRM) (JMA), 2011 WL 346682, at *2 (E.D.N.Y. Jan. 28, 2011) ("The standard governing leave to amend, flexible to begin with, is further liberalized for *pro se* plaintiffs.").  Accordingly, plaintiff is granted leave to amend her complaint as to the claims dismissed herein.  Any such amendment must be filed within thirty (30) days of the date of this Order, be clearly marked "Amended Complaint," and contain the same case number, 11-cv-5399.

**CONCLUSION**

For the forgoing reasons, defendant's request to strike the newspaper articles attached to the complaint is GRANTED. Defendant's motion to dismiss is DENIED as to plaintiff's claims for discriminatory treatment and a hostile work environment. Defendant's motion is GRANTED with respect to all other causes of action alleged in the complaint, with leave to re-plead these claims within 30 days of the date of this Order. This matter is recommitted to Magistrate Judge Viktor V. Pohorelsky for continued pretrial supervision.

The Clerk of Court is directed to transmit a copy of this Order to plaintiff *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
February 28, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge