UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PIEDAD GARZON,

       Plaintiff,      **MEMORANDUM ORDER**

   - v -

                CV-11-5599 (RRM)(VVP),

JOFAZ TRANSPORTATION, INC.,

       Defendant.
-----------------------------------------------------------x

   By letter dated May 10, 2013, the plaintiff has asked the court for guidance concerning the information she is required to produce concerning medical treatment she has received.  The plaintiff is under the impression that she is only required to provide information concerning mental health treatment.  In response, by letter dated May 14, 2013, the defendant seeks an order directing the plaintiff to provide information concerning *all* medical treatment she received, not limited only to mental health treatment.

   The court's previous orders specifically state that the plaintiff is to provide information concerning all medical treatment she has received.  The court's minute entry concerning rulings made at the conference on April 18, 2013 provides as follows:

> By May 2, 2013, the plaintiff will provide the defendant with a list of the names and addresses of each *doctor*, psychologist and psychotherapist who has treated her since January 1, 2007.

Minute Entry, Apr. 18, 2013 [DE 33] (emphasis added).   By using the word "doctor," the court intended to include all medical treatment within the scope of the plaintiff's obligation. Moreover, the ruling contains no limitation on the type of treatment the plaintiff received.  It states that the plaintiff is to provide the names of everyone who treated her.

   The court's confidentiality order concerning records of treatment is similarly broadly worded.  The order provides, in pertinent part,

> All records of *medical* and psychological treatment received by the plaintiff which are obtained by the defendant during the course of this action are to be maintained in strict confidence such that they are to be limited to review by attorneys only.

Confidentiality Order, Apr. 18, 2013 [DE 34] (emphasis added).  That the court used the word "medical" in addition to "psychological" in describing the records of treatment that are to be subject to the order, the court contemplated that the plaintiff would be providing records of all treatment, not only mental health treatment.

Accordingly, the plaintiff is again directed to provide the defendants' counsel with the names and addresses of *all* providers of medical and psychological treatment she has received since January 1, 2007, and to sign authorizations for the records of those providers once the defendants' counsel have prepared the authorizations for her signature.  The names and addresses are to be provided by May 29, 2013.

In accordance with the foregoing, the defendants' motion is granted.

**SO ORDERED:**

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:     Brooklyn, New York
           May 15, 2013

-2-